IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HOWE INVESTMENT LTD.,

    Plaintiff

    v.                  CIVIL NO. 97-1864 (SEC)

PEREZ & CIA. DE PUERTO RICO, INC.,

    Defendant

## REPORT AND RECOMMENDATION

Defendant, Pérez & CIA. de Puerto Rico, Inc. (Pérez & CIA.),[1] has filed a motion to disqualify Attorney Benny Frankie Cerezo as plaintiff's counsel on account of his previous participation in defendant retaining counsel for negotiations with the U.S. Navy as to marine facilities and leased properties that are related to this civil action.[2] It is defendant Pérez & CIA.'s contention that pursuant to the affidavit of its then General Manager, Francisco García, Attorney Cerezo arranged the meeting to recommend counsel to be retained in the previous negotiations and was privy to conversations related to Pérez & CIA.'s business and operations. The conversations during said meeting entailed information on Pérez & CIA.

---

[1] Pérez & CIA. describes itself as a corporation whose principal business is ship agency and ship servicing, included some stevedoring services at the Port of San Juan. It has attempted to obtain a lease of the marine facilities and properties therein directly from its proprietor the United States Navy. Instead it has performed such services as a tenant at sufferance with the Ports Authority, that has been transferred said property since Pérez & CIA. has been unable to entered into a long-term lease.

[2] Plaintiff Howe Investment, Ltd., filed this action seeking payment by Pérez & CIA., regarding the stock option of Puerto Rico Drydock and Marine Terminal, Inc., so as to become a direct tenant of the marine facilities owned by the United States Navy. A defense raised by Pérez & CIA., is that a condition of the Navy renewal of the lease on said premises was a condition precedent to fulfillment of the stock option contract and payment thereof.

Howe Investment Ltd. v. Pérez & CIA. de Puerto Rico, Inc.   Page 2 of 5
Civil No. 97-1864(SEC)

which is now detrimental to same since Attorney Cerezo has now become leading counsel of plaintiff's case against Pérez & CIA. It is Mr. Garcia's sworn statement that he was then under the impression that Attorney Cerezo, who was also present during several discussions between counsel Gerardo Carlo and Mr. García, was privy to information about Pérez & CIA. which was openly discussed upon his belief that Attorney Cerezo was Pérez & CIA.'s attorney.

A hearing was set to entertain the motion to disqualify. The parties therein agreed they no longer required a hearing and sought from this magistrate to resolve the issue on the record.

A motion to disqualify counsel used as a litigation technique may successfully result in denial of opposing party's entitlement to services of capable and well-learned counsel of their choice --a weapon that needs constraint when groundless.

Still, a thorough examination of the hardship cause to a party, and the substantial relationship between the subject of prior and present representations to which counsel was privy, is required.[3] LaSalle National Bank v. County of Lake, 703 F.2d 252 (7th Cir. 1983).

Defendant has submitted that confidential information made available to Attorney Cerezo back in 1993 upon Mr. Francisco García's belief that he was Pérez & CIA.'s counsel, related to Pérez & CIA.'s business, finances, strategies, and concerns.[4] It is also defendant

---

[3] "Substantial responsibility" is personal involvement to an important, material degree in the investigative or deliberative processes regarding the transactions or facts in question.

[4] The confidential information entailed in said meetings evolved around the problem of the lease of the marine facilities and properties with the Navy; financial analysis of Pérez & CIA's situation, leasehold interest and options available, and other strategic and business considerations of Pérez & CIA in relation with the facilities and properties.

Howe Investment Ltd. v. Pérez & CIA. de Puerto Rico, Inc.                                     Page 3 of 5
Civil No. 97-1864(SEC)

Pérez & CIA.'s argument that such information has been used during discovery and interrogatories against Pérez & CIA. Notice is also taken of a petition to seek a restraining order as to prohibition of sale and disposition of assets of defendant which is deemed related to issues of confidentiality of information acquired by Attorney Cerezo (D.E. #90, #93). The court may not inquire into the nature of the confidences alleged to have been revealed to the tainted attorney. Evans v. Artek Sys. Corp., 715 F.2d 788 (2d Cir. 1983); Huntington v. Great Western Resources, Inc., 655 F.Supp. 565 (S.D.N.Y. 1987). See Decora Inc. v. DW Wallcovering, Inc., 899 F.Supp. 132 (S.D.N.Y. 1995).

Movant, Pérez & CIA., has submitted a sufficient showing as to the type and nature of the confidences that were shared within an implied attorney-client relationship with Attorney Cerezo. Pursuant to the above criteria, once a shadow has been cast and without further need to engage on whether the Code of Professional Conduct of the American Bar Association has become an issue,[5] leads to a determination by this magistrate that disqualification of counsel Cerezo as requested is necessary.[6] Kevlik v. Goldstein, 724 F.2d 844, 850 (1st Cir. 1984); Freeman V. Instrument Co., 689 F.2d 715 (7th Cir. 1982). Concern

---

[5] Cf. Iacono v. Humphrey, 722 F.2d 435 (9th Cir. 1983) (the Rules of Professional Conduct of the ABA were not part of the conduct required by California lawyers).

[6] A lawyer's good faith, although essential in all his professional activity, is, nevertheless, an inadequate safeguard when standing alone. Even the most rigorous self-discipline might not prevent a lawyer from unconsciously using or manipulating a confidence acquired in the earlier representation and transforming it into a telling advantage in the subsequent litigation... The dynamics of litigation are far too subtle, the attorney's role in that process is far too critical, and the public's interest in the outcome is far too great to leave room for even the slightest doubt concerning the ethical propriety of a lawyer's representation in a given case. First Wisconsin Mortgage Trust v. First Wisconsin Corp., 571 F.2d 390 (7th Cir. 1978 (citing Emle Industries, Inc. v. Patentex, Inc., 478 F.2d 562, 571 (2d Cir. 1973)).

AO 72
(Rev 8/82)

<u>Howe Investment Ltd. v. Pérez & CIA. de Puerto Rico, Inc.</u>   Page 4 of 5
Civil No. 97-1864(SEC)

has been raised as to utmost need for the confidentiality of communications to counsel be upheld, and to upkeep the trust in the legal system, that must be and also be considered to be fair and even handed. An attorney who has undertaken successive representations of clients with adverse interests on substantially related matters has been conclusively presumed to be privy to relevant confidential disclosures.[7] <u>Brennan's Inc. v. Brennan's Restaurants, Inc.</u>, 590 F.2d 168 (5th Cir. 1979).

When determining such a petition to disqualify, the court must apply principles that seek to preserve the delicate balance between an individual's right to choose his own attorney and the obligation to maintain high professional standards, as well as ensure that the trial of the claims in the case be free from taint. <u>Huntington</u>, supra.[8] As such, the brief submitted by Pérez & CIA. in support of its motion to disqualify is well taken (D.E. #38).

The opposition filed by Howe Investment, Inc. (D.E. #44), the sur-reply (D.E. #54), the petition for an evidentiary hearing (D.E. #56) and plaintiff's sur-reply (D.E. #77, #80) were also duly examined.

It is thus recommended that Pérez & CIA.'s request to disqualify Attorney Benny Frankie Cerezo should be GRANTED.

**IT IS SO RECOMMENDED.**

---

[7] <u>Borges v. Our Lady of the Sea Corp.</u>, 935 F.2d 436 (1st Cir. 1991).

[8] Even in the criminal scope, a defendant's right to counsel of choice is not an absolute one. <u>United States v. Santiago Lugo</u>, 167 F.3d 81 (1st Cir. 1999). See <u>Caplin & Drysdale v. U.S. v. Monsanto</u>, 491 U.S. 617, 109 U.S. 2646 (1989).

AO 72
(Rev 8/82)

Howe Investment Ltd. v. Pérez & CIA. de Puerto Rico, Inc.                                   Page 5 of 5
Civil No. 97-1864(SEC)

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 1st day of March of 2000.

J. ANTONIO CASTELLANOS
UNITED STATES MAGISTRATE JUDGE

AO 72
(Rev 8/82)