## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| HOWE INVESTMENTS, LTD. | * | |
| | * | |
| Plaintiff | * | Civil No. 97-1864(SEC) |
| | * | |
| v. | * | |
| | * | |
| PEREZ & CIA. DE PUERTO RICO | * | |
| | * | |
| Defendant | * | |

**************************************

## ORDER

This case has come before the Court on an "Urgent Motion for Protective Order" (**Docket # 126**) filed by Eurobank, Inc. (hereinafter "Eurobank") pursuant to Fed. R. Civ. P. 26(c). For the reasons set forth below, Eurobank's request is denied.

On March 29, 2000, Eurobank was served by plaintiff Howe Investments, Ltd. (hereinafter "Howe"), through its attorney, Mr. Benny F. Cerezo, with a *subpoena duces tecum* to produce and allow the inspection and copying of "[a]ll records of loans and/or credit lines of Pérez & Co., Navemar; specifically and including the documents that show or reflect who are the warrantors if any of said obligations." The *subpoena* further commands Eurobank to produce such documents at attorney Cerezo's law offices today, March 31, 2000.

Eurobank has moved for a protective order on the following grounds:

> While the bank has no interest in the case nor in providing or not providing the requested documents, there are concerns in providing privileged documents, without a court order or the written consent of the bank's client.

> The appearing party therefore respectfully requests the Honorable Court to quash the subpoena until the rights of privacy involved are decided by the Honorable Court or until the bank's client in the case has given its consent.

(**Docket # 126**, at ¶¶ 2-3).

AO 72A
(Rev. 8/82)

Eurobank's concerns are unfounded. It is settled that a person enjoys no constitutional right to privacy in his financial records. See United States v. Miller, 425 U.S. 435 (1976). Exceptionally, the Financial Privacy Act (hereinafter the "FPA") offers individuals certain safeguards against government requests for records of their financial transactions. See 12 U.S.C. §§ 3422 *et seq*. The FPA, however, does not "shield[] the records of a bank customer's transactions from discovery in a civil suit." Clayton Brokerage Co., Inc. v. Clement, 87 F.R.D. 569, 571 (D.Md. 1980). In fact, § 3413(e) specifically excludes from the FPA's protection "financial records [which] are sought by a Government authority under the Federal Rules of Civil or Criminal Procedure . . . ." 12 U.S.C. § 3413(e). "No different result is indicated for litigation between two private parties . . . ." Sneirson v. Chemical Bank, 108 F.R.D. 159, 162 (D.Del. 1985). Therefore, Eurobank's motion for protective order should be denied.

The Court notes that Fed. R. Civ. P. 45(3)(A)(i) states that "[o]n timely motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it fails to allow reasonable time for compliance." Eurobank, however, does not object to the *subpoena* on this ground.

Accordingly, Eurobank's "Urgent Motion for Protective Order" (**Docket # 126**) is hereby **DENIED**. Furthermore, Eurobank is hereby **ORDERED** to fully comply with the subpoena served upon it by plaintiff Howe Investments, Ltd.

**SO ORDERED.**

In San Juan, Puerto Rico, this _31_st day of March, 2000.

SALVADOR E. CASELLAS
United States District Judge