IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HOWE INVESTMENT, LTD.　　　　＊
　　　　　　　　　　　　　　　　＊
Plaintiff　　　　　　　　　　　　＊　　Civil No. 97-1864(SEC)
　　　　　　　　　　　　　　　　＊
v.　　　　　　　　　　　　　　　＊
　　　　　　　　　　　　　　　　＊
PEREZ Y CIA. DE PUERTO RICO, INC.　＊
　　　　　　　　　　　　　　　　＊
Defendant　　　　　　　　　　　　＊
**************************************

**OPINION AND ORDER**

This case is before the Court on plaintiff Howe Investment, Ltd.'s (hereinafter "Howe") motion for leave to amend the complaint. (**Docket # 130**). Defendant opposed (**Docket # 135**), and plaintiff replied (**Docket # 141**). For the reasons set forth below, plaintiff's motion for leave to amend the complaint (**Docket # 130**) is granted.

**Factual and Procedural Background**

This an action for the alleged breach of a contract which payment was "expressly guaranteed by Pérez & Cía., Puerto Rico Drydock and their respective shareholders and expressly by Mr. Jaime Pérez Maura, in his personal capacity." The complaint was filed on June 5, 1997, against Pérez & Cía. de Puerto Rico (hereinafter "Pérez") and Jaime Pérez Maura. Because at the time of filing it was believed that Mr. Jaime Pérez Maura had passed away, his widow and inheritors, Mrs. Elena Botín and Messrs. Angel and Alvaro Pérez-Maura Botín, respectively, were also included in the complaint as defendants. (**Docket # 1**).

Subsequently, upon confirmation that Mr. Jaime Pérez Maura had indeed passed away, Howe moved to dismiss the complaint as to defendants Mr. Jaime Pérez Maura, Mrs. Elena Botín and Messrs. Angel and Alvaro Pérez-Maura Botín (hereinafter collectively, with the exception of

**Civil No. 97-1864(SEC)**                                                                                       2

Mr. Jaime Pérez Maura, the "individual defendants"). As stated in its motion, at that time, Howe did not wish "to pursue [its] claim against the . . . aforementioned parties who as heirs of Mr. Pérez Maura are subsidiary guarantors of the obligation of which compliance is [sought] from the [Pérez] in the instant claim." **(Docket # 32)**. On June 23, 1998, partial judgment was entered dismissing the complaint without prejudice as to the individual defendants (including Mr. Jaime Pérez Maura). **(Docket # 33)**. Pérez subsequently moved for reconsideration claiming that "[i]t would be an unreasonable waste of judicial resources to litigate the same case twice, but that is the potential effect of a dismissal without prejudice." **(Docket # 34)**. The Court denied Pérez's motion. **(Docket # 76)**.

Howe now seeks to amend the complaint to bring back the individual defendants as subsidiary guarantors of Pérez's alleged contractual obligation. **(Docket # 130)**. In its opposition, Pérez contends that "[a]s Mr. Jaime Pérez Maura was not a joint debtor with the principal obligor, Pérez . . ., [Howe] cannot state a claim against him or his heirs based on the guarantee until judgment has been entered against . . . [Pérez], and its assets have been liquidated and applied to the debt." **(Docket # 135**, at 4).

**Applicable Law/Analysis**

Under the law of Puerto Rico, an obligation is joint "only . . . when the obligation determines it expressly, [as] being constituted as a joint obligation." P.R. Civ. Code art. 1090, P.R. Laws Ann. tit. 31, § 3101 (1990). Thus, absent express language that the guarantor binds himself joint and severally with the debtor, his obligation is only subsidiary to the principal obligation. See General Electric Credit & Leasing Corp. of Puerto Rico v. Southern Transport & Oil Distributing Corp., 132 P.R. Dec. 808, 816 (1993). Unlike a joint guarantor, a subsidiary guarantor "cannot be compelled to pay a creditor until application has been previously made of all the property of a debtor." P.R.

Civ. Code arts. 1729, 1730(2), 31 P.R. Laws Ann. tit. 3, §§ 4891, 4892(2) (1990). The subsidiary guarantor is entitled to a levy against the property of the debtor. The Court concludes that, in this case, it would be a waste of judicial resources, and time, not to allow Howe to amend the complaint to bring the individual defendants again into this suit, and force it to bring a subsequent suit against them in the event that judgment is rendered against Pérez.

In support of their argument against Howe's motion, Pérez cites to the opinion of the Supreme Court of Puerto Rico in <u>Pueblo v. Esteves</u>, 12 P.R. Dec. 47 (1907). The Court finds, however, that <u>Esteves</u> is distinguishable from the circumstances of this case, taking into consideration the modern rules of civil procedure, both local and federal. Ninety three years ago, the Rules of Civil Procedure for the Commonwealth of Puerto Rico were not in effect. The current rules, adopted in 1979, and modeled after the Federal Rules of Civil Procedure, are premised, like the latter, on practical considerations, and are primarily concerned with preserving judicial economy. This is particularly true with regards to the rules governing the joinder of parties. Moreover, the Court in <u>Esteves</u> did not address the applicability of article 1733 of the Civil Code of Puerto Rico, which establishes that "[a] creditor may cite the [guarantor] should he [the creditor] institute the claim against the principal debtor, but the benefit of a levy against the principal debtor shall always be reserved, even when a judgment is rendered against both of them." P.R. Laws Ann. tit. 31, § 4895 (1990). This article expressly allows the creditor to bring suit simultaneously against the debtor and the subsidiary guarantor; of course, reserving the right of the subsidiary guarantor–a right to which the joint guarantor is not entitled–to a levy against the property of the debtor.

Pérez also argues that the Court lacks personal jurisdiction over Mrs. Elena Botín on the ground that she has never transacted business in Puerto Rico, and the claim against her "would be

based on the acceptance of inheritance of the estate from her late husband, [Mr.] Jaime Pérez Maura, who was a subsidiary guarantor of the contract with [Pérez]." (**Docket # 135**, at 4). Pérez does not assert that Mrs. Botín has declined acceptance of the inheritance. Until it is demonstrated to the Court that Mrs. Botín has not succeeded Mr. Jaime Pérez Maura, for reason of inheritance, as a subsidiary guarantor of Pérez's contract with Howe, the Court will exercise jurisdiction over her (of course, provided that she is properly served process) pursuant to Puerto Rico's long-arm statute. See P.R. Laws Ann. tit 32, App. III, R. 4.7 (1983).

For the foregoing reasons, plaintiff's motion to amend the complaint (**Docket # 130**) is hereby **GRANTED**.

**SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of May, 2000.

SALVADOR E. CASELLAS
United States District Judge